IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL THERONE ANDERSON                                               PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:11cv400-FKB

MAJOR MARY RUSHING, et al.                                             DEFENDANTS

## OMNIBUS ORDER

Plaintiff, a pretrial detainee at the Hinds County Detention Center, brought this action pursuant to § 1983 alleging claims of excessive force, denial of access to the courts, failure to protect, and unconstitutional interference with religious practices. The Court, having held a *Spears*[1] hearing in this matter and having conferred with Plaintiff and with counsel for Defendants, finds and orders as follows:

Plaintiff states that officials at the detention center have interfered with his attempts to file charges and to file the present lawsuit. Obviously, any allegations regarding interference with the present lawsuit are without merit. Furthermore, he has failed, both in his complaint and at the *Spears* hearing, to articulate specific facts alleging any interference with any other non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, Plaintiff's access-to-courts claim is hereby dismissed.

This cause is set for a bench trial before the undersigned on Wednesday, June 27, 2012, at 1:30 p.m.

Plaintiff has requested the presence of Marcus Lamar Oliver at trial. The Court will secure his presence if he is in the custody of the Mississippi Department of Corrections at

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

the time of the trial.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at the trial.  Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence.  No later than thirty days prior to trial, Plaintiff shall file a motion with court for requesting a subpoena to be issued for the witness.  The request shall include the name and address of the witness, and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

Defendants are directed to provide Plaintiff a copy of all incident reports and other documents relating to Plaintiff's allegations of excessive force.  They shall also produce to Plaintiff all documents setting forth the detention center's policy regarding religious observances by detainees.  No other discovery shall be conducted without leave of court. Plaintiff's motion requesting the employee records of Defendants [20] is hereby denied.

Any dispositive motions shall be filed by February 27, 2012.

SO ORDERED this the 12th day of December, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE