IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL THERONE ANDERSON                                                            PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:11cv400-FKB

MAJOR MARY RUSHING, et al.                                                        DEFENDANTS

OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. § 1983 by Michael Therone Anderson, a state prisoner. Defendants are officers at the Hinds County Detention Center (HCDC) in Raymond, Mississippi, where Anderson was previously held as a pretrial detainee. Presently before the Court are Defendants' motions for summary judgment [dkt. nos. 31 & 33]. Anderson has not responded to the motions.[1] Having considered the motions and the competent summary judgment evidence, the Court concludes that Defendants are entitled to summary judgment and that all of Anderson's claims should be dismissed.

Anderson's primary claims arise out of two incidents when force was used against him, the first on August 26, 2009, and the second on April 16, 2011.[2] The former incident

_____

[1] The only substantive communication received from Anderson since the filing of the motions for summary judgment consists of a letter addressed to the undersigned [dkt. 36]. In the letter, Anderson complains that deputies at the Jackson facility of HCDC destroyed some papers related to his civil lawsuits. With regard to the present action, he states that he needs "papers" where Defendants Ingram, Caston and Jones "were questioned by their lawyers concerning the suit" and that he needs these documents "in order to present [his] case." He gives no further details and does not request additional time to respond to the motions for summary judgment. The Court concludes that the motions are ripe for disposition.

[2] There appears to be a minor dispute among the parties as to the exact dates of the incidents. However, the detention center records submitted by Defendants reflect that

involved Defendants Brandon Caston, Joseph Ray, and James Ingram. Anderson's version of the events, as set forth in his sworn complaint and in his testimony at the *Spears*[3] hearing, is as follows. Anderson was in his cell when he and Caston became involved in a verbal altercation. Caston asked Anderson to give him his writing pen, and Anderson responded by telling the Caston to "come get it." When Caston entered the cell, Anderson moved toward the toilet and began to flush the pen. Caston then sprayed Anderson with a chemical agent, whereupon Plaintiff responded by "kick[ing] [Caston's] butt" all the way from the cell to the unit's shower area. At this point, other deputies, including Officers Ray and Ingram, arrived on the scene. Ray sprayed Anderson with mace and lifted Plaintiff's leg in order to allow Caston to kick Anderson in the testicles, but Caston was unsuccessful. Ingram kicked Anderson in the face and broke his nose. Plaintiff makes the general statement that Ray continued to use force "even after [he] had been subdued," but he gives no further details.

In support of their motions for summary judgment, Defendants Caston and Ingram have submitted their affidavits and Anderson's detention center medical records. Caston states that the incident began when Anderson asked him for a pen with which to write out a grievance against Caston. When Caston gave the pen to Anderson, Anderson attempted to flush it down the toilet. Realizing that Anderson's actions could result in damage to the toilet and sewer system, Caston ordered him to stop. When Anderson continued to threaten to flush the pen, Caston entered the cell. Anderson came toward

---

they occurred on August 26, 2009, and April 16, 2011.

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

Caston in a threatening manner, and Caston responded by spraying Anderson with pepper spray. Unfortunately, the pepper spray did not stop Anderson's behavior, and Anderson began to fight Caston. Caston called for backup. After the incident, Anderson was taken to medical, given a towel with which to wash his face, and allowed to shower.

Defendant Ingram states in his affidavit that he came to Anderson's unit in response to a call for backup. When he arrived, he saw Anderson chasing Caston across the rear area of the cell block. Caston tripped over the entrance to the shower area and fell on his back, whereupon Anderson jumped on Caston and began punching him. Ingram and other officers used only that force which was necessary to restrain Anderson. When Anderson was under control, the officers escorted him to the medical unit, where, according to Anderson's medical records, he was treated for a nosebleed. On the way to the medical unit, Anderson told other inmates that he had just beaten up Officer Caston.

A claim brought by a pretrial detainee alleging excessive force is analyzed under the due process clause of the Fourteenth Amendment, rather than the Eight Amendment. *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993). The test under the two amendments, however, is the same: whether force was used in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Id.* at 1446 (citing *Hudson v. McMillan*, 503 U.S. 1, 6 (1972)). When viewed in light of this standard, Anderson's excessive force claim fails as a matter of law. Anderson's own sworn statements regarding the circumstances of the August 26, 2009, incident establish that he refused to obey orders and acted aggressively toward the officers. Furthermore, Plaintiff has failed to rebut or dispute several significant details provided by the officers in their

3

affidavits–that Anderson made aggressive moves toward Caston before Caston sprayed him with pepper spray and that Anderson physically assaulted Caston in the shower area. The only portion of Plaintiff's statement which directly conflicts with Defendants' version is his non-specific statement that Ray continued the use of force after Anderson was subdued.  Given the other evidence, including Plaintiff's own admissions, this single statement is insufficient to raise a *genuine* issue as to the reasonableness of the force used by the officers.  A party may not defeat summary judgment by raising merely "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by unsubstantiated assertions,' or by 'only a "scintilla" of evidence.'" *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).   The Court concludes that Caston, Ingram and Ray are entitled to summary judgment on Anderson's claim of excessive force arising out of the August 26, 2009, incident.

Anderson's second allegation of excessive force concerns an incident involving Defendant Nicholas Jones.  Anderson testified at the *Spears* hearing that on April 16, 2011, Jones came to Anderson's cell to conduct a search.  Anderson's response was "Bitch, stay out of my business."  Jones completed the search, and then directed Anderson to submit to a strip search.  Anderson refused.  In response, Jones grabbed Anderson's jumpsuit, causing Anderson to fall.  Jones then hit him in the head and kicked him several times.

In his affidavit, Jones does not dispute that he used force against Anderson in response to Anderson's refusal to obey his order.  According to Jones, he and another officer went to Anderson's cell on April 16, 2011, to comply with an order that Anderson's

cell be searched for contraband. The search revealed an ink pen and unauthorized medication. During the search, Anderson became verbally aggressive, saying to the officers, "I know where your bitch ass stay at and hang out at . . . . That Smith & Wesson will put a hole in your ass. . . ." The officers did not respond, and they completed the search. They then ordered Anderson to remove his jumpsuit so that they could determine whether he was hiding any objects on his person. When Anderson refused to comply, Jones entered the cell in order to physically remove the jumpsuit. When Jones reached out, Anderson grabbed Jones' right arm and attempted to bite it. Jones used his left arm to free himself and struck Anderson on the left side of the face. Anderson initially fell backwards, but immediately got up and began to attack Jones. In response to punches from Anderson, Jones struck Anderson twice in the face. After the second punch, Anderson ceased his attack on Jones, and no further force was used against Anderson. Jones and the other officer then escorted Anderson to medical. Anderson's medical records indicate he was treated with an ice pack and pain relievers. There is no allegation or evidence of any permanent injury.

 Again, as with the earlier incident, Anderson's own testimony establishes that force was used against him after he refused to obey a direct order. And Anderson has failed to come forward with any evidence to contradict Jones's statement that the force was used in response to an attack initiated by Anderson and for the purpose of subduing him. This undisputed evidence establishes that the force was reasonably necessary to restore discipline. Accordingly, the Court concludes that Jones is entitled to judgment as a matter of law on Anderson's excessive force claim against him.

Remaining are several claims which merit only brief discussion.  Anderson has attempted to assert excessive force claims against Major Mary Rushing and Captain Ogden Wilburn, but he admitted at the *Spears* hearing that neither of these individuals was personally involved in any altercation with him and that he was suing them solely because of their positions of authority at the detention center.  Because there is no respondeat superior liability under § 1983, these claims fail as a matter of law.  *See Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Anderson has also alleged that Corporal Raglin placed him "in harm's way" by showing Jones a copy of a grievance written by Anderson about the incident involving Jones.  Anderson does not allege, however, that he sustained any injury as a result of Raglin's actions.  This allegation fails to raise a constitutional issue.  Finally, Anderson contends that he has been denied the right to practice the Muslim religion.  However, he has failed to identify any defendant who participated in the alleged denial of his First Amendment rights.  This claim likewise fails as a matter of law.

For these reasons, Defendants' motions for summary judgment are granted, and all claims are dismissed with prejudice.  A separate judgement will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 10th day of September, 2012.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE